court fell into the error of mistaking an important fact that had occurred upon the trial.

For the errors pointed out, the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

FITZSIMONS, C. J., concurs.

---

FRASER v. ALPHA COMBINED HEATING & LIGHTING MFG. CO.

(City Court of New York, General Term.   December 27, 1899.)

1. CITY COURTS—GENERAL TERM—REARGUMENT.
   Rule 4 of the supreme court provides that motions for reargument shall be heard only on notice to the adverse party at the next succeeding term after the decision, and rule 8 of the appellate division provides that motions for new trial upon a case and exceptions shall be placed on a preferred calendar, which shall be called and disposed of at a special term. Code Civ. Proc. § 323, makes such rules applicable to the city court. *Held*, that a motion for reargument on appeal in the city court must be made to the general term at no later period than the next succeeding term after the decision.

2. CITY COURTS—APPEAL AND ERROR—MOTION FOR NEW TRIAL.
   Where an appeal was taken from a judgment and an order denying a motion for a new trial in May, and no motion for new trial was filed or denied until the following September, at a special term, when the judge, who tried the case on a settled case, denied the motion "with the same force and effect as if a motion for a new trial on the same grounds had been made on the minutes at the close of the trial, and denied," the appeal will be dismissed, as such motion for new trial was not made on the minutes at the same term, as required by Code, § 999.

3. SAME.
   Where an appeal was taken from a judgment and order of the city court denying a motion for a new trial, and notice thereof given, but the motion was not filed until afterwards, the evidence cannot be reviewed, since Code Civ. Proc. § 1002, prohibits the special term from passing on a motion for a new trial involving the decision of a finding of fact, unless such notice is given before the expiration of the time in which an appeal can be taken from the judgment.

Appeal from special term.

Action by Peter Fraser against the Alpha Combined Heating & Lighting Manufacturing Company.   From an order of the city court at special term denying defendant's motion for a reargument of an appeal which had been previously dismissed (54 N. Y. Supp. 1087), defendant appeals, and moves for reargument of the appeal.   Reargument denied.

Argued before FITZSIMONS, C. J., and SCHUCHMAN and O'DWYER, JJ.

William Sutphen, for appellant.
J. Baldwin Hands, for respondent.

SCHUCHMAN, J.   On May 10, 1898, judgment was entered in this action on a verdict rendered by a jury in favor of plaintiff and against the defendant.   On May 17th defendant served a notice of

appeal, appealing from said judgment and from the order denying the motion for a new trial. But no such order was then in existence, and no motion for a new trial had then been made, and was not made until September 17, 1898, upon which an order was made on September 23, 1898, at the special term, by the judge, who had tried the case on a case as settled, denying the motion "with the same force and effect as if a motion for a new trial on the same grounds had been made on the minutes at the close of the trial, and denied." On December 9, 1898, judgment of affirmance was entered, pursuant to the general term opinion (reported 25 Misc. Rep. 422, 54 N. Y. Supp. 1087), by which it appears that no point whatever made by appellant had been overlooked. On March 3; 1899, defendant made a motion, returnable before a justice of this court (naming him) sitting at special term on March 6, 1899, for reargument of the appeal decided in December previous (on the ground that the general term made an error in assuming that no appeal had been taken from the order of September 23, 1898, denying defendant's motion for a new trial), upon which an order was made on May 22, 1899, denying it, and from this order the present appeal is taken.

Motions for a reargument of an appeal must be made to the general term at the next succeeding term after the decision. Rule 4, Sup. Ct., relating to appeals to the appellate term from this court; rule 8, App. Div. These rules are made applicable to the city court by section 323 of the Code. Nordlinger v. Levine (Com. Pl.) 18 N. Y. Supp. 953.

Order appealed from is affirmed, with costs and disbursements.

As to the motion for reargument of the appeal, which is now asked for in the notice of appeal from the said order, and which is made to the general term, we answer that no question decisive of the case, and which was presented on the argument of the appeal, has been overlooked, nor has our attention been called to a controlling decision with which our decision is inconsistent. Hand v. Rogers, 16 Misc. Rep. 364, 38 N. Y. Supp. 2; Ernst v. Wire Works Co:, 21 Misc. Rep. 68, 46 N. Y. Supp. 918. The motion for a new trial was made at a special term, on a case as settled, pursuant to section 1002 of the Code. What reason or power had the special term justice to order a denial of this motion "with the same force and effect as if a motion for a new trial on the same grounds had been made on the minutes at the close of the trial, and denied," as he did in the order of September 23, 1898? None whatever. It was not a motion for a new trial on the minutes, pursuant to section 999 of the Code. There is no notice of appeal from this order of September 23, 1898, denying the motion for a new trial, in the appeal book, and none is in existence; therefore, even if a reargument was granted, the evidence could not be reviewed on the facts. This motion for reargument is made 11 months after the decision of the appeal.

Motion denied, with $10 costs.

FITZSIMONS, C. J., and O'DWYER, J., concur.